**Joel KLAPPER, Plaintiff–Appellant,**

**v.**

**VERIZON COMMUNICATIONS, INC., AT & T, Defendants–Appellees.**

**No. 04–5355.**

United States Court of Appeals, Second Circuit.

June 29, 2006.

Joel Klapper, Oceanside, N.Y., pro se, for Plaintiff–Appellant.

Mark Bradford, Fulbright & Jaworski L.L.P., New York, N.Y., for Defendants–Appellees.

Present: ROSEMARY S. POOLER, RICHARD C. WESLEY, and PAUL R. MICHEL,[1] Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Joel Klapper appeals from an August 16, 2004, judgment of the United States District Court for the Southern District of New York (Cote, J.) adopting the July 19, 2004, Report and Recom-

---

1. The Honorable Paul R. Michel, Chief Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

mendation of Magistrate Judge Theodore H. Katz awarding defendants-appellees Verizon and AT & T corporations $8,568.00 in attorneys' fees. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal and affirm the decision of the district court.

We review a district court's award of attorneys' fees and imposition of sanctions for abuse of discretion. *Goldstein v. St. Luke's–Roosevelt Hosp. Ctr.*, 430 F.3d 106, 110–11 (2d Cir.2005) (per curiam); *Bolar Pharm. Co. v. Gackenbach*, 966 F.2d 731, 732–33 (2d Cir.1992) (per curiam).

The lower court did not abuse its discretion in the instant case. It conducted a thorough analysis and properly applied the lodestar method. *See Crescent Publ'g Group, Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 146 n. 3 (2d Cir.2001) (noting that the lodestar is determined by multiplying a reasonable rate by the number of hours reasonably expended). The court acted well within its discretion in reducing the total amount of hours reasonably worked by defense counsel to arrive at the amount awarded. *See Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir.1992).

Klapper's brief discusses many issues not relevant to the award of attorneys' fees, but the Notice of Appeal and decisions below make clear that only the issue of attorneys' fees is properly before the Court at this time.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**